**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER NEWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-14 (LAG) |
| | : | |
| WARDEN DARREN MYERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is the Magistrate Judge's November 14, 2025 Report and Recommendation (R&R). (Doc. 112). For the reasons below, the R&R is **ACCEPTED** and **ADOPTED**.

On January 23, 2023, Plaintiff Christopher Newell filed a Complaint in this Court, alleging deliberate indifference to his medical needs under 42 U.S.C. § 1983 and the Eighth Amendment. (Doc. 1). After twice being instructed to recast his complaint, the Court received Plaintiff's Recast Complaint on August 7, 2023. (Doc. 27). Plaintiff alleges generally that Defendants were responsible for a fifty-one-day delay in him receiving necessary reconstructive surgery and for not providing appropriate medical care during this period, including necessary pain medication and an altered diet. (*Id.* at 7–19). He also alleges that on one occasion following his surgery, he was not allowed to go to an appointment to get a mold casting for dentures. (Doc. 32 at 3–4). Following preliminary review, Plaintiff's deliberate indifference claims against Defendants Warden Darrin Myers, Lieutenant Williams, Physician's Assistant Bradford, Lieutenant Brown, and Health Services Administrator Shores were allowed to proceed for further factual development. (*See generally* Docs. 33, 36). Defendants Brown and Williams filed an Answer (Doc. 55) on March 1, 2024, and a Motion for Summary Judgment (Motion) (Doc. 92) on November 27, 2024. Plaintiff never responded to the Motion. (*See* Docket). On

November 14, 2025, the Magistrate Judge entered an order recommending that the Motion be granted in part and denied in part. (*See* Doc. 112 at 18). The Magistrate Judge found that genuine disputes of material fact exist as to Plaintiff's claims that Defendants' refusal to authorize surgery and provide a modified diet constituted deliberate indifference to a serious medical need in violation of the Eighth Amendment, but not as to his claims based on the failure to provide pain medication or dental treatment. (*Id.* at 17–18). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. Neither Party filed an objection. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). Unobjected-to portions of the R&R are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues de novo "to aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon full review and consideration of the record, the Court finds that the Magistrate Judge's Report and Recommendation (Doc. 112) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein. Defendants are entitled to summary judgement on Plaintiff's claims based on the failure to provide pain medication or dental treatment. Plaintiff's deliberate indifference claims based on Defendants' refusal to authorize surgery and provide a modified diet may proceed to trial.

**SO ORDERED**, this 25th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2