**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER NEWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-14 (LAG) |
| | : | |
| WARDEN DARREN MYERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is the Magistrate Judge's January 12, 2026 Report and Recommendation (R&R). (Doc. 115). For the reasons below, the R&R is **ACCEPTED** and **ADOPTED**.

On January 23, 2023, Plaintiff Christopher Newell filed a Complaint in this Court, alleging deliberate indifference to his medical needs under 42 U.S.C. § 1983 and the Eighth Amendment. (Doc. 1). After twice being instructed to recast his complaint, the Court received Plaintiff's Recast Complaint on August 7, 2023. (Doc. 27). Plaintiff alleges generally that Defendants were responsible for a fifty-one-day delay in him receiving necessary reconstructive surgery and for not providing appropriate medical care during this period, including necessary pain medication and an altered diet. (*Id.* at 7–19). He also alleges that on one occasion following his surgery, he was not allowed to go to an appointment to get a mold casting for dentures. (Doc. 32 at 3–4). Following preliminary review, Plaintiff's deliberate indifference claims against Defendants Warden Darrin Myers, Lieutenant Williams, Physician's Assistant Bradford, Lieutenant Brown, and Health Services Administrator Shores were allowed to proceed for further factual development. (*See generally* Docs. 33, 36). Defendants Bradford and Shores filed a Motion to Dismiss (Motion) on August 29, 2025. (Doc. 108). The same day, the Magistrate Judge notified Plaintiff of his right to respond to the motion within twenty-one days. (Doc. 109).

Plaintiff did not respond to the Motion. (*See* Docket). On November 26, 2025, Defendants Bradford and Shores moved the Court to rule on the Motion. (Doc. 113). The Magistrate Judge then entered a show-cause order, advising Plaintiff that failure to timely respond would result in dismissal. (Doc. 114). Plaintiff again failed to respond. (*See* Docket).

On January 12, 2026, the Magistrate Judge entered an R&R recommending that "Defendants' motion to dismiss be deemed uncontested, that the motion be granted, and that this case be dismissed without prejudice."[1] (*See* Doc. 115 at 1–2). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. Neither Party filed an objection. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). Unobjected-to portions of the R&R are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues de novo "to aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon full review and consideration of the record, the Court finds that the Magistrate Judge's Report and Recommendation (Doc. 115) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein. Accordingly, the claims against Defendants Bradford and Shores are **DISMISSED with prejudice**.

      **SO ORDERED**, this 25th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Magistrate Judge also recommended that Defendant Bradford and Shores' Motion for Ruling (Doc. 113) be terminated as moot. (*See* Doc. 115 at 3 n.2).

2